IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REMY L. SUANE, #B52215** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:21-cv-01343-SMY |
| | ) |
| **ALAN NOLLMAN,** | ) |
| **MR. HAMMONDS, and** | ) |
| **MRS. DAVIS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Remy L. Suane, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Centralia Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff's family sent him a religious medal (a silver chain with a Mother Mary charm). Chaplin Nollman admitted it was a religious item but would not allow Plaintiff to possess it, stating it was a security issue. Plaintiff's sister called and spoke with property officer Quinn about the item. Quinn called Plaintiff to the property room and told Plaintiff that he did not see why Plaintiff could not have the item because bigger chains had been allowed in the institution. Quinn spoke with Major Hammonds who stated Plaintiff could not possess the chain. Plaintiff believed the thickness of the

chain was the issue and filed a grievance on that issue. The response to the grievance stated it was a STG (security threat group) item.

Plaintiff states he is making claims under the First Amendment, RLUIPA, and RFRA. He seeks the return of his religious medal and the costs of this lawsuit.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

| | | |
|---|---|---|
| Count 1: | | First Amendment claim against Defendants for substantially burdening Plaintiff's practice of religion by confiscating his religious medal. |
| Count 2: | | Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendants for substantially burdening Plaintiff's practice of religion by confiscating his religious medal. |
| Count 3: | | Religious Freedom Restoration Act (RFRA) claim against Defendants for substantially burdening Plaintiff's practice of religion by confiscating his religious medal. |

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissal**

Plaintiff names Mrs. Davis as a defendant, but there are no allegations against this individual in the statement of claim. Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. Merely naming a party in the caption of a Complaint is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Further, to state a Section 1983 claim a plaintiff must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*,

769 F.3d 517, 528 (7th Cir. 2014).  Absent any allegations describing what Mrs. David allegedly did or failed to do in violation of Plaintiff's constitutional rights, a claim cannot proceed against her and she will be dismissed.

## Discussion

### Count 1

"A prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). To state a claim under the free exercise clause of the First Amendment, a plaintiff must allege facts to plausibly suggest that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005).  The allegations in the Complaint are sufficient to proceed on this claim against Nollman and Hammonds.

### Count 2

Inmates are afforded broader religious protections under RLUIPA, which prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C.A. § 2000cc-1; *Schlemm v. Wall*, 784 F.3d 362, 363 (7th Cir. 2015).  Although Plaintiff has stated a colorable RLUIPA claim, RLUIPA does not authorize a suit for money damages against Defendants in their individual capacities. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Therefore, the RLUIPA claim in Count 2 against Nollman and Hammonds in their individual capacities will be dismissed with prejudice.  Because the Court may order injunctive relief to correct a violation of RLUIPA, 42 U.S.C.A. § 2000cc-2. The Warden of Centralia Correctional Center will be added as a defendant for purposes of

Plaintiff's claim for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Count 3

Plaintiff's RFRA claim will be dismissed as that statute has been held unconstitutional as applied to the states. *See Sossamon v. Texas*, 563 U.S. 277, 281 (2011) (internal citations omitted).

### Request for Preliminary Injunction

In the request for relief in the Complaint (Doc. 1, p. 9) and by motion (Doc. 10), Plaintiff seeks a preliminary injunction directing prison officials to allow him to possess and wear his religious medal.[1] Prohibiting a prisoner from wearing a religious medal may constitute a substantial burden on the prisoner's religious exercise and may entitle Plaintiff to preliminary injunctive relief. *See Knowles v. Pfister*, 829 F.3d. 516 (7th Cir. 2016) (prohibiting prisoner from wearing religious medal violated RLUIPA and entitled him to preliminary injunctive relief). Accordingly, **The Warden of Centralia Correctional Center is ordered to file a response to the request for preliminary injunctive relief within 14 days of service**.

### Disposition

Count 1 will proceed against Nollman and Hammonds. Count 2 is **DISMISSED** with prejudice against Nollman and Hammonds but will proceed against the Warden of Centralia Correctional Center, in his/her official capacity. Count 3 and Mrs. Davis are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Centralia Correctional Center, in his/her official capacity, as a Defendant and **TERMINATE** Mrs. Davis as a Defendant.

---

[1] Based on information in the Complaint, it appears there may be an issue as to whether Plaintiff exhausted his administrative grievances prior to filing this lawsuit. Plaintiff should note that he will not be entitled to preliminary injunctive relief if he did not exhaust a grievance on his claim prior to filing this lawsuit.

The Clerk of Court shall prepare for Alan Nollman, Mr. Hammonds, and Warden of Centralia Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

**THE WARDEN OF CENTRALIA CORRECTIONAL CENTER IS ORDERED TO FILE A RESPONSE TO THE REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF (Docs. 1, 10) WITHIN 14 DAYS OF SERVICE.**

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the

costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 13, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants Answers, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**