IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REMY L. SUANE, #B52215,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:21-cv-01343-SMY |
| ) | |
| **ALAN NOLLMAN, et al,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Remy L. Suane, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. This case is now before the Court on Suane's Motions for Preliminary Injunction. (Docs. 10, 41). For the reasons stated, both motions are **DENIED**.

### Background

Suane makes the following allegations in the Complaint (Doc. 1): Suane's family sent him a religious medal which is on a chain. Chaplin Nollman did not allow him to possess it, and stated that it was a security issue. Property officer Quinn spoke with Major Hammonds who also stated that Suane could not possess the chain. In response to a grievance Suane filed on the issue, the counselor stated that the medal was a prohibited STG (security threat group) item. Following review of the Complaint in this case under 28 U.S.C. § 1915A, Suane was allowed to proceed on a First Amendment claim against Nollman and Hammonds for substantially burdening his practice of religion by confiscating his religious medal and a related injunctive relief claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) against the Warden of Centralia Correctional Center (Doc. 13). By separate motion now before the Court (Doc. 10), Suane seeks

a preliminary injunction directing prison officials to allow him to possess and wear his religious medal and chain. In the alternative, he seeks an order directing prison officials to hold the religious medal and chain during the pendency of this litigation.

In opposition to Suane's motion, the warden of Centralia Correctional Center argues that Suane cannot show he is likely to succeed on the merits or that he will suffer irreparable harm without the injunction (Doc. 19). Specifically, Warden Davis argues the failure to have the medal does not impede on Suane's right to practice his faith and he has not established that the medal is necessary for him to effectively practice his faith. Warden Davis further argues that denying Suane the medal is due to a safety issue. Finally, she argues that although Suane filed a grievance on the issue, he did not file an appeal, and therefore, failed to exhaust administrative remedies with respect to his claim in this case prior to filing this lawsuit.

Suane filed a reply to Warden Davis's response (Doc. 20), several supplements (Docs. 21, 24, 29, 30), and another motion for preliminary injunctive relief seeking an order prohibiting prison officials from forcing him to send his religious medal and chain home, prohibiting them destroying the religious medal and chain, and requiring them to hold the religious medal and chain in property during the pendency of this lawsuit (Doc. 41).[1]

## Discussion

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted). The purpose of a preliminary injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). "It is an interlocutory form of relief which requires the district court

---

[1] He also filed an Emergency Motion for Court Order to Hold and Preserve All Evidence (Doc. 27) that was denied as a premature discovery motion (Doc. 28).

to assess the probability that each party will prevail on the merits and the harm of granting or withholding relief during the pendency of the suit." *Id.*

Defendants have raised the affirmative defense of failure to exhaust administrative remedies in their Answers and in response to Suane's request for preliminary injunctive relief. Under §1997e(a) of the Prison Litigation Reform Act, "*[n]o action shall be brought* with respect to prison conditions … *until* such administrative remedies as are available are exhausted." *Id.* at 534 (emphasis in original). In other words, the exhaustion of available administrative remedies is a precondition to suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 534-535 (7th Cir. 1999). Thus, a plaintiff may not file an action and seek relief, injunctive or otherwise, unless he has exhausted his administrative remedies. *See Thompson v. Illinois Dep't of Corr.*, No. 3:15-CV-850-NJR-DGW, 2016 WL 5341198, at *3 (S.D. Ill. Sept. 23, 2016) ("Even if Plaintiff's claim for preliminary injunctive relief has some merit, he would not be entitled to such relief if the Court finds that he failed to exhaust his administrative remedies.").

This lawsuit was filed on October 26, 2021. In the Complaint (Doc. 1), Suane states he has not received the responses to his requests for administrative remedies. And grievance documents submitted by Suane show the grievance officer responded to three grievances "regarding his chain and medallion" on December 22, 2021 – almost two months after he filed this lawsuit (Doc. 20, p. 23). While the issue of exhaustion of administrative remedies is not before the Court for a decision on the merits at this time, there is sufficient evidence of failure to exhaust administrative remedies on the claims in this case such that injunctive relief is precluded at this time.

Accordingly, Plaintiff's motions for preliminary injunction (Doc. 10, 41) are **DENIED**. Until the issue of exhaustion of administrative remedies is resolved by the Court, any additional motion filed seeking preliminary injunctive relief as to the claims in this case will be summarily

denied with reference to this Order.

**IT IS SO ORDERED.**

**DATED: April 25, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**