IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REMY L. SUANE, #B52215, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-01343-SMY |
| | ) |
| ALAN NOLLMAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 53) and Plaintiff's Response and Motion for Summary Judgment (Doc. 60). For the following reasons, Defendants' motion is **GRANTED** and Plaintiff's motion is **DENIED as MOOT.**

## BACKGROUND

Plaintiff Remy L. Suane, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. He is proceeding on the following claims:

Count 1:  First Amendment claim against Defendants for substantially burdening Plaintiff's practice of religion by confiscating his religious medal.

Count 2:  Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendants for substantially burdening Plaintiff's practice of religion by confiscating his religious medal.

Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies. They assert that Plaintiff filed suit before the relevant grievances were reviewed by the grievance officer, chief administrative officer (CAO), and the Administrative Review Board (ARB). Plaintiff argues that a deprivation of religious property "is directly

actionable in federal court" and "exhaustion of remedies does not apply." (Doc. 60, p. 43). He also seeks summary judgment on the merits of his claims. (*Id.*, p. 49). As there are no disputed facts related to the grievances in question, an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) is not required.

### DISCUSSION

Failure to exhaust administrative remedies is an affirmative defense properly raised in a motion for summary judgment to be resolved by the judge. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies prior to filing lawsuits in federal courts with regard to prison conditions. 42 U.S.C. § 1997e(a). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Exhaustion is mandatory – a lawsuit filed by a prisoner before administrative remedies have been exhausted must be dismissed. *Ford v. Johnson*, 362 F.3d 395, 398 (2004).

As an inmate in the Illinois Department of Corrections, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). The regulations require an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through the counselor, the grievance is then submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(e). The CAO

then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the ARB. 20 ILL. ADMIN. CODE §504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.* The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

It is undisputed that Plaintiff submitted three grievances regarding the deprivation of his religious medal: grievance 21-9-47 dated September 7, 2021; grievance 21-9-103 dated September 8, 2021; and grievance 21-9-245 dated September 23, 2021. These grievances were reviewed by the grievance officer on December 22, 2021 and denied the same day by the CAO. The ARB received the appeal of the grievances on January 22, 2022 and issued a decision denying them on January 26, 2022.

Plaintiff filed this lawsuit on October 26, 2021, before the grievances were reviewed by the grievance officer, CAO, and ARB. Because he failed to allow the administrative process to run its course before filing suit, the grievances do not exhaust his claims. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). Plaintiff clearly filed this lawsuit prematurely; it must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 53) is **GRANTED**; (Doc. 53); Plaintiff's Motion for Summary Judgment (Doc. 60) is **DENIED** as moot; this case is **DISMISSED** without prejudice; and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED: June 1 2022

                                          *s/ Staci M. Yandle*
                                          **STACI M. YANDLE**
                                          **United States District Judge**